UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLE'S AGENDA, as an organization; et al.<br><br>            Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER[1],<br><br><br>          Defendant. | Civil Action No.: 1:18-cv-04727-ER |

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   Plaintiffs, eight non-profit, non-partisan civic engagement and civil rights organizations, commenced this litigation under Section 2 of the Voting Rights Act of 1965 (52 U.S.C. § 10301)(VRA), Section 8 of the National Voter Registration Act of 1993 (52 U.S.C. § 20507(a))(NVRA) and the First and Fourteenth Amendments of the United States Constitution against the Georgia Secretary of State seeking to enjoin enforcement of Georgia House Bill 268.

---

[1] Brad Raffensperger was sworn in as Secretary of State on January 14, 2019.  He is automatically substituted as Defendant per operation of Rule 25(d), Fed. R. Civ. Proc.

HB 268 codified a voter registration database matching protocol which Plaintiffs contend disproportionately and negatively impacts the ability of voting-eligible African-American, Latino and Asian-American Georgians to complete the voter registration process in order to be able to vote; violates Section 8 of the NVRA; and imposes severe and unjustified burdens on the fundamental right to vote in violation of the First and Fourteenth Amendments of the United States Constitution.  Defendant denies that the match protocol violates federal law.

**(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs' Statement of Facts:

In 2017, Georgia Governor Nathan Deal signed into law House Bill 268, which codified a voter registration database matching protocol that had been previously shown to disproportionately and negatively impact the ability of voting-eligible African-American, Latino and Asian-American applicants to register to vote.

The protocol, codified by HB 268, and implemented by Georgia's Secretary of State, requires county registrars to enter information from a voter registration form into Georgia's statewide voter registration system known as "Enet."

That information is then matched against records on file with the Georgia Department of Drivers Services (DDS) or Social Security Administration (SSA). If the information entered into "Enet" does not match the applicant's identity data on file with DDS or SSA, the application is placed in "pending" status. If the "pending" status is not resolved within 26 months, the applicant is purged from the registration list. The protocol imposes no obligation on county registrars to check for data entry errors, errors in the underlying databases or other problems that routinely result in erroneous "no match" results.

The Social Security Administration's, "Help America Vote Verification" ("HAVV") database, which is used to match voter registration form data when the applicant uses the last four digits of their Social Security number on the registration form, is known to routinely produce false "no-match" and inconsistent results. The error-prone nature of the SSA HAVV matching process was the subject of an audit report by the office of the SSA's Inspector General which found, among other things, that the "HAVV program provided the States with responses that may have prevented eligible individuals from registering to vote and allowed ineligible individuals to vote."

As a result, even applicants who submit facially complete and entirely accurate forms are routinely denied active registration status or face substantial delays in the processing of their applications due to typographical errors, inaccuracies or discrepancies in the databases or other problems inherent to the

matching protocols that are out of the control of the applicant to correct. Applicants are also put into pending status if the DDS records flag the applicant as a potential non-citizen. United States citizens are routinely erroneously flagged as non-citizens because the system relies upon citizenship data in DDS records that are not automatically updated to reflect that an applicant has attained U.S. citizenship after having previously obtained a driver's license or state ID as a non-citizen.

HB 268 does not require that county registrars examine whether documentary proof of citizenship was submitted with the registration before placing an applicant in pending status, despite this known issue caused by outdated DDS citizenship data.

Defendant admits in the Answer to the First Amended Complaint that county registrars placed voting-eligible Georgia citizens in pending status and sent notices demanding they provide documentary proof of citizenship even when the applicants included their naturalization certificate with their initial registration forms.

HB 268 was introduced in 2017 on the heels of the settlement of a lawsuit filed the previous year, which challenged a substantially similar voter registration database matching protocol that had been implemented administratively by Defendant Kemp.

At the time HB 268 was signed into law, Governor Deal, the Georgia General Assembly, and Defendant Kemp were all on notice that HB 268 would impose severe and unjustified burdens on applicants' right to vote and have a severe discriminatory impact on African-American, Latino and Asian-American applicants.

Since the enactment of HB 268, the voter registration verification process and its implementation by the Georgia Secretary of State's Office have continued to produce a high rate of erroneous "no-matches" that disproportionately impacts African-American, Latino and Asian-American applicants.

Data produced by the Georgia Secretary of State's Office in July 2018 indicated that approximately 51,111 voter registration applicants were in "pending" status for reasons related to the HB 268 matching requirement, i.e., the purported failure to verify against DDS or SSA identity or citizenship data.

Approximately 80.15% of those pending applications were submitted by African-American, Latino and Asian-American applicants. Only 9.83% of the "pending" for failure to verify applications were submitted by applicants identifying as White.

HB 268 places the burden upon the applicant to then cure the "no-match" result within 26 months. If this deadline is not met, or the application is

cancelled, the applicant must start the voter registration application process anew.

According to Defendant, applications will begin to be cancelled under HB 268 on and after April 21, 2020 – less than six months prior to the voter registration deadline for the 2020 Presidential election. Thus, absent the Court enjoining enforcement of HB 268 prior to April 21, 2020, there is a substantial risk that thousands of voter registration applicants on the "pending list" – a majority of whom are African-American, Latino or Asian-American applicants – will be denied active voter registration status and will be disenfranchised in the 2020 Presidential election.

Defendant's Statement of Facts:

In 2002 Congress passed the Help America Vote Act (HAVA), 52 U.S.C. § 21083, requiring that states match information on voter registration applications to the "information in the database of the motor vehicle authority to the extent required to enable each such official to verify the accuracy of the information provided on applications for voter registration." 52 U.S.C. § 21083(a)(5)(B)(i). Georgia's initial HAVA match process, which was precleared by the United States Department of Justice under Sec. 5 of the Voting Rights Act, allowed voter registration applicants only forty (40) days to verify information on their application that did not match DDS and SSA records, before the application was cancelled. During the forty (40) day verification period the

voter was placed in pending status.  A voter in pending status is eligible to vote by showing photo identification at the polls, and, if pending for citizenship, showing proof of citizenship.  Once a voter has verified their identity, either at the polls or prior to that, they are moved from pending status to active status.

In late 2016 and early 2017, as part of a settlement in *NAACP v. Kemp*, CA No. 2:16cv219-WCO (N.D. Ga.), approximately thirty-eight thousand (38,000) voter registration applicants, whose applications had been cancelled as a result of not completing the verification process, were moved back to pending status.  These voter registration applications will remain in pending status until the applicants verify the information on their applications without the imposition of any deadline for verification.  A large number of these applicants are in pending status today.  The settlement in NAACP kept the verification process in place but with no deadline for applicants to verify their registration.  Per the terms of the agreement, an applicant could remain on the statewide voter registration list in pending status indefinitely.

HB 268 codified Georgia's current HAVA match process in O.C.G.A. § 21-2-220.1.  Under the current process, voters have twenty-six (26) months to verify the information in their application if it fails to match the DDS or SSA databases. A voter's information is deemed to match DDS records if the first initial of first name, last name, driver's license number, birthday, and citizenship status match.  Voters in pending status continue to be able to vote by providing

identification at the polls, and, if pending for citizenship, also providing proof of citizenship at the polls. For applicants in pending status on February 18, 2018, the twenty-six (26) month deadline for verification will not apply. For applicants in pending status after February 18, 2018, their voter registration applications will be rejected only after twenty-six (26) months, if they fail to verify their information.

   **(c)  The legal issues to be tried are as follows:**

   (1)  Whether HB 268 and its implementation result in the denial or abridgement of the right to vote of Georgia citizens on account of their race or color in violation of Section 2 of the Voting Rights Act;

   (2)  Whether HB 268 and its implementation violate the First and Fourteenth Amendments of the United States Constitution by imposing severe burdens on the right to vote of eligible Georgians that are not justified by any rational or compelling state interest;

   (3)  Whether HB 268 and its implementation violate Section 8 of the National Voter Registration Act of 1993 (52 U.S.C. § 20507(a)) by delaying or preventing eligible Georgians from completing the voter registration process so that they can exercise their right vote; and

   (4)  Whether Plaintiffs are entitled to injunctive relief to enjoin enforcement of HB 268, in whole or in part.

   **(d)  The cases listed below (include both style and action number) are:**

   (1)  Pending Related Cases: None.

   (2)  Previously Adjudicated Related Cases: None.

2.    **This case is complex because it possesses one or more of the features listed below (please check):**

   \_\_\_\_\_  (1)  Unusually large number of parties
   \_\_\_\_\_  (2)  Unusually large number of claims or defenses
   _____ (3)  Factual issues are exceptionally complex
   \_\_X\_\_\_(4)  Greater than normal volume of evidence
   \_\_X\_\_\_(5)  Extended discovery period is needed
   \_\_\_\_\_  (6)  Problems locating or preserving evidence
   \_\_\_\_\_  (7)  Pending parallel investigations or action by government
   \_\_X\_\_\_(8)  Multiple use of experts (Both parties agree)
   \_\_\_\_\_  (9)  Need for discovery outside United States boundaries
   \_X\_\_\_\_\_(10) Existence of highly technical issues and proof
   \_\_\_\_\_  (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Bryan L. Sells (Local Counsel), Ezra Rosenberg (Lawyers' Committee for Civil Rights Under Law), Vilia Hayes (Hughes, Hubbard & Reed LLP), Danielle Lang (Campaign Legal Center), Phi Nguyen (Asian Americans Advancing Justice – Atlanta, Inc.)

Defendant: Cristina Correia, Senior Assistant Attorney General

4.    **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_Yes        \_\_X\_\_\_ No

5.    **Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

None known at this time.

(b)  The following persons are improperly joined as parties:

    None known at this time.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    None known at this time.

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiffs anticipate the possibility of amending the Complaint to conform to proof obtained during the course of discovery and reserve the right to join additional parties depending upon evidence produced during the course of discovery.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.  Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will exchange initial disclosures on or before January22, 2019.

## 9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.  However, the parties propose the following discovery and pretrial schedule and request that the Court include this schedule in the Scheduling Order:

| Event | Deadline |
| --- | --- |

| Discovery Period | Jan. 16, 2019 – July 16, 2019 |
|---|---|
| Plaintiffs' Expert Disclosures (reports) | May 1, 2019 |
| Defendant's Expert Disclosures (reports) | May 31, 2019 |
| Plaintiffs' Rebuttal Expert Disclosures (reports) | June 17, 2019 |
| Close of Discovery | July 16, 2019 |
| Dispositive Motions (filed) | August 15, 2019 |
| Dispositive Motions (response) | September 5, 2019 |
| Dispositive Motions (reply) | September 19, 2019 |
| Last Day for Daubert Motions | On last day to submit pretrial Order |
| Last Day to submit pretrial Order | 30 days after entry of the Court's ruling on summary judgment |
| Trial | Prior to April 21, 2020 when Defendant will begin cancelling voter registration forms pursuant to the 26-month cancellation deadline set forth in HB 268. |

**Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

1. The administrative and legislative history of Georgia's database matching protocol before and after the enactment of HB 268;

2. The negative impact of HB 268 on the ability of eligible Georgians to complete the voter registration process;

3. The demographics of the voter registration applicants negatively impacted by HB 268;

4. Whether and to what extent the Georgia Secretary of State and his staff were involved in the enactment of HB 268;

5. The facts relating to the state's interest in the database matching process required by HB 268;

6. The facts relating to the reasons for the 26-month cancellation period mandated in HB 268;

7. The history of the implementation of Georgia's voter registration database matching process and the algorithms used in those processes before and after the passage of HB 268;

8. The erroneous and inconsistent results produced by matching voter registration form data against the Social Security Administration's HAVV database and the Social Security Administration's Inspector General's audit(s) of that process;

9. Whether and to what extent HB 268 was passed by the Georgia legislature for a discriminatory purpose or with discriminatory intent;

10. Whether and to what extent the Georgia Secretary of State's office has adopted policies or practices concerning the implementation of HB 268;

11. Whether and to what extent the Georgia Secretary of State's office has trained county registrars concerning the implementation of HB 268;

12. Whether and to what extent HB 268 burdens the right to vote;

13. Whether and to what extent HB 268 has prevented Georgia citizens from registering to vote because of the use of outdated Georgia Department of Drivers Services records in verifying the citizenship of voter registration applicants;

14. Whether and to what extent HB 268 violates Section 8 of the National Voter Registration Act of 1993;

15. Whether and to what extent HB 268 violates Section 2 of the Voting Rights Act;

16. The history of discrimination against African Americans, Latinos and Asian Americans in Georgia, including with respect to the right to vote; and,

17. Brian Kemp's involvement in the implementation and administration of HB 268 while he was a candidate for Governor of Georgia.

18. The extent to which voter registration applicants on the pending list as a non-match with SSA have a Georgia driver's license which they did not disclose on their voter registration application.

19. The extent to which voter registration applicants on the pending list were pending prior to February 18, 2018 and therefore not subject to the twenty-six month deadline in HB 268.

Defendant contends that the only relevant subject of discovery regarding the history of the enactment of HB 268 concerns whether its enactment was tainted by any racially discriminatory intent.  In particular, Defendant does not agree that items 4 and 17 above are relevant areas of discovery to any of the claims in this litigation.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties are proposing a six (6) months discovery track due to the potential delays in completing discovery involving the Georgia legislature while the legislature is in session; the likelihood that the parties will engage multiple expert witnesses; and the large number of fact witnesses.

Additionally, the parties agree that more than ten (10) depositions per side will be necessary, and agree that the case involves highly technical issues of proof.  For these reasons and the additional reasons identified in no. 2 above, Defendants believe this case is complex and should be assigned a 6-month discovery track.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties request that both sides be permitted to take in excess of 10 but not more than 15 depositions without a further order of the Court.

(b)    Is any party seeking discovery of electronically stored information?

_____X_____ Yes _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties are not requesting limitations at this time.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

 In most circumstances, the electronically stored data will be exchanged in commonly used formats such as Excel spreadsheets, PDF's, Word and common video or audio files. In the event files are in less commonly used formats, the parties will meet and confer about the best means for producing the data.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 8, 2018, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead local counsel (signature): Bryan L. Sells. Other participants on behalf of Plaintiffs' counsel:  Julie Houk (Lawyers' Committee); Vilia Hayes and Gregory Farrell (Hughes, Hubbard & Reed LLP); Danielle Lang (Campaign Legal Center); Phi Nguyen (Asian Americans Advancing Justice – Atlanta).

For defendant: Lead counsel (signature): Cristina Correia

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(      ) A possibility of settlement before discovery.
(   X  ) A possibility of settlement after discovery.
(      ) A possibility of settlement, but a conference with the judge is needed.
(      ) No possibility of settlement.

(c)    Counsel (   ) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

The proposed date of the next settlement conference is
_____, 2019.

     (d)   The following specific problems have created a hindrance to
settlement of this case:

Plaintiffs are challenging the constitutionality of a state statute.  The
Secretary of State has no legal authority to change the law. The parties
will continue to discuss and explore whether there is some way to reach a
settlement in this case.  Additionally, Brad Raffensperger was elected as
Georgia's Secretary of State in the November 2018 General Election and
had not yet been sworn into office as of the date of the Rule 26(f)
conference. Thus, it was not known what his position would be on
settlement at the time of the Rule 26(f) conference.

**14.**    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is
otherwise entitled to a jury trial.

(a)    The parties (    ) do consent to having this case tried before
    a magistrate judge of this Court. A completed Consent to
    Jurisdiction by a United States Magistrate Judge form   has
    been   submitted   to   the   clerk   of   court   this day
    _____, of 20    .

(b)   The parties (  X  ) do not consent to having this case tried before
    a magistrate judge of this Court.

            Respectfully submitted,

            /s/ Bryan L. Sells
            Bryan L. Sells
            Georgia Bar No. 635562
            The Law Office of Bryan L. Sells, LLC
            Post Office Box 5493
            Atlanta, Georgia 31107-0493
            Telephone: (404) 480-4212
            bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie Houk*
John Powers*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
jpowers@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under
Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005
Telephone:   (202) 662-8600
Facsimile:   (202) 783-0857

Vilia Hayes*
Gregory Farrell*
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:   (212) 422-4726

Danielle Lang*
Mark Gaber*
J. Gerald Hebert*
dlang@campaignlegalcenter.org
MGaber@campaignlegalcenter.org
GHebert@campaignlegalcenter.org
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, DC  20005
Telephone:  (202) 736-2200
Facsimile:   (202) 736-2222

Phi Nguyen
Georgia Bar No. 578019

Asian Americans Advancing Justice – Atlanta
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
pnguyen@advancingjustice-atlanta.org
Telephone: (770) 818-6147

*Admitted pro hac vice*

Counsel for Plaintiffs


CHRISTOPHER M. CARR
Attorney General   112505
ANNETTE M. COWART
Deputy Attorney General 191199
RUSSELL D. WILLARD
Sr. Assistant Attorney General   760280

/s/Cristina M. Correia
CRISTINA M. CORREIA
Sr. Assistant Attorney General   188620
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
404-656-7063
ccorreia@law.ga.gov

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Cristina M. Correia

Senior Assistant Attorney General

Georgia Department of Law

40 Capitol Square, SW Atlanta, GA 30334

404-656-7063

FAX: 404-651-9325

ccorreia@law.ga.gov

*/s/ Bryan L. Sells*

Bryan L. Sells

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLE'S AGENDA, as an organization; et al.<br><br>            Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER,<br><br><br>            Defendant. | Civil Action No.: 1:18-cv-04727-ER |

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| Event | Deadline |
|---|---|
| Discovery Period | Jan. 16, 2019 – July 16, 2019 |
| Plaintiffs' Expert Disclosures (reports) | May 1, 2019 |
| Defendant's Expert Disclosures (reports) | May 31, 2019 |
| Plaintiffs' Rebuttal Expert Disclosures (reports) | June 17, 2019 |
| Close of Discovery | July 16, 2019 |

| | |
|---|---|
| Dispositive Motions (filed) | August 15, 2019 |
| Dispositive Motions (response) | September 5, 2019 |
| Dispositive Motions (reply) | September 19, 2019 |
| Last Day for Daubert Motions | On last day to submit pretrial Order |
| Last Day to submit pretrial Order | 30 days after entry of the Court's ruling on summary judgment |
| Trial | Prior to April 21, 2020 when Defendant will begin cancelling voter registration forms pursuant to the 26-month cancellation deadline set forth in HB 268. |

IT IS SO ORDERED, this                    day of                         , 2019.


_____
Eleanor L. Ross
UNITED STATES DISTRICT JUDGE