IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ALTANTA DIVISION

| | | |
|---|---|---|
| GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., et al., | * * * | |
| Plaintiffs, | * * | Civil Action No.: 1:18-cv-04727-ER |
| vs. | * * | |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, | * * * * | |
| Defendant. | * * | |
| _____ | * | |

Comes Now, Defendant Secretary of State BRAD RAFFENSPERGER, by

and through the Attorney General for the State of Georgia, and files this Answer

and Defenses to the allegations of Plaintiffs' Second Amended Complaint as

follows:

**FIRST DEFENSE**

Plaintiffs' Second Amended Complaint fails, in whole or in part, to state a

claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

**THIRD DEFENSE**

Plaintiffs' claims are moot.

**FOURTH DEFENSE**

Plaintiffs' claims should be dismissed for lack of standing.

**RESPONSES**

Answering the specific allegations of the Second Amended Complaint, Defendant responds as follows:

1.      Defendant admits only that Plaintiffs have brought claims pursuant to the First and Fourteenth Amendment, the Voting Rights Act, and the National Voter Registration Act.  All remaining allegations are denied.

2.      Defendant denies these allegations.  More specifically, Defendant denies that its citizenship verification process is unlawful or that it denies active voter registration status to qualified voters.  Defendant further denies that its process targets predominantly naturalized citizens for proof of citizenship.  All

applicants for a Georgia driver's license, whether naturalized citizens, natural born citizens, or non-citizens, must provide DDS with evidence of their U.S. citizenship or proof of lawful status. Unlike voter registration applicants that have provided DDS with their documented proof of citizenship, voter registration applicants that are flagged as non-citizens by DDS have previously provided evidence to DDS that they were not U.S. citizens.

3.     Defendant denies this allegation as stated. Defendant lacks knowledge or information sufficient to respond to the allegation that tens of thousands individuals become naturalized citizens in Georgia each year. Defendant denies that its process is fatally flawed. Georgia has implemented an automated voter registration system through DDS. Therefore, when a newly naturalized citizen updates their driver's license, a new voter registration application – without a citizenship flag – is generated and the voter is added to the active voter list, even if the applicant had previously applied and been placed on the pending list for proof of citizenship.

4.     Defendant denies these allegations as stated. Registration applicants in pending status may vote a regular ballot by providing proof of citizenship prior to or on the day of election, and may vote a provisional ballot on Election Day and return within three days after the election with their proof of citizenship. All other

registrants that have a Georgia driver's license provided their proof of citizenship to DDS at the time their license was issued.

5.     Defendant denies these allegations.  Defendant admits only that persons identified by DDS as having provided evidence of non-citizenship to DDS are flagged and must present proof of citizenship to remove the flag and move from the pending list to the active voter list.  These voter registration applicants are permitted to cast a ballot even while in pending status.  *See* no. 4 above.  A documentary proof of citizenship is imposed on all other registrants with a Georgia driver's license, including natural born citizens, through the driver's license application process.

6.     Defendant denies these allegations as stated.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

7.     Defendant denies the allegations as stated.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

8.     Defendant denies these allegations.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

9.     Defendant denies these allegations.

4

10.     Defendant denies these allegations.

11.     Defendant denies these allegations.

12.     Defendant admits only that the numbers reported by Plaintiffs as pending due to prior evidence of non-citizenship are correct.  All remaining allegations are denied, including Plaintiffs suggestion of the proper comparator.

13.     Defendant denies these allegations as stated.  Defendant denies that its process is onerous.  Defendant admits that with its citizenship verification process non-citizen voting in Georgia is not common.

14.     Defendant denies these allegations.

15.     Defendant denies these allegations as stated.  Defendant admits only that the verification process relies solely on DDS data, but denies Plaintiffs' characterization of said data.

16.     Defendant denies these allegations.

17.     Defendant denies these allegations.

18.     Defendant admits these allegations.

19.     Defendant admits these allegations.

20.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 20.

21.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 21.

22.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 22.

23.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 23.

24.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 24.

25.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 25.

26.     Defendant admits that Plaintiff is a nonprofit organization.
Defendant lacks knowledge or information sufficient to respond to the remaining
allegations contained in paragraph 26.

27.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 27.

28.     Defendant admits that Brad Raffensperger is Georgia's Secretary of State.  The remaining allegations characterizing Defendant's statutory duties are conclusions of law and Defendant responds that the statutes speak for themselves.

29.     The allegation in paragraph 29 is a legal conclusion to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

30.     The allegation in paragraph 30 is a legal conclusion to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

31.     Defendant admits these allegations.

32.     Defendant denies the allegation as stated, but admits that its documentary proof of citizenship requirement is enforced exclusively through its verification process with DDS.

33.     The allegation in paragraph 33 is a legal conclusion to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

7

34.     The allegation in paragraph 34 is a legal conclusion to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

35.     The allegations in paragraph 35 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

36.     The allegations in paragraph 36 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

37.     The allegations in paragraph 37 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.   To the extent that a response is required, Defendant responds that the statute speaks for itself.

38.     The allegations in paragraph 38 purport to characterize the requirements and meaning of two federal statutes, and the meaning of a statute is a conclusion of law as to which no response is required.   To the extent that a response is required, Defendant responds that the statutes speak for themselves.

8

39.     Defendant admits only that HB 316 was enacted in April, 2019.
Defendant denies all remaining allegations.

40.     Defendant denies these allegations as stated.  Defendant admits only
that voter registration applicants that have submitted evidence of non-citizenship to
DDS are required to provide proof of citizenship prior to obtaining active voter
registration status.  Defendant denies all remaining allegations.

41.     Defendant denies these allegations.

42.     Defendant denies these allegations as stated.  Defendant admits only
that at some periods in the past DDS issued drivers licenses to permanent residents
that lasted five years, but during other periods licenses for permanent residents
were limited to one year.  Defendant lacks knowledge or information sufficient to
respond to Plaintiffs' allegations regarding statistics from the Department of
Homeland Security.  Defendant denies all remaining allegations.

43.     Defendant denies these allegations.

44.     Defendant admits only that the numbers reported by Plaintiffs as
pending due to prior evidence of non-citizenship are correct.  Defendant denies all
remaining allegations, including Plaintiffs suggestion of the proper comparator.

45.     Defendant denies the allegation as stated.  Defendant admits only
that voter registration applicants that have submitted evidence of non-citizenship to

DDS are required to provide proof of citizenship prior to obtaining active voter registration status.

46.     Defendant denies these allegations.

47.     Defendant denies that its citizenship verification process is discriminatory.  Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs.

48.     Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs. To the extent Plaintiffs' allegations seek to interpret a district court case, the allegation seeks a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the case speaks for itself.

49.     Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs. To the extent Plaintiffs' allegations seek to interpret a district court case, the allegation seeks a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the case speaks for itself.

50.     Defendant denies the allegations as stated.  More specifically, Defendant denies that its processes are flawed.

51.     Defendant denies these allegations as stated.  More specifically, Defendant denies that requiring proof of citizenship is "harsh and discriminatory." Defendant further denies that letters requesting registration applicants to provide proof of citizenship are intimidating.

52.     Defendant denies these allegations.  Where copies of naturalization forms are included with voter registration applications the citizenship verification process with DDS will not override the election official's entry of the citizenship question.

53.     Defendant denies these allegations.

54.     Defendant denies that registration applicants only receive one notification that they must provide documentary proof of citizenship.  Applicants receive a letter when they are first flagged through the verification process with DDS.  Applicants also receive notice via the Secretary of State's website and through election officials.  Many applicants have been sent multiple letters. Defendant admits that only Gwinnett County is covered by Section 203 of the Voting Rights Act.  Plaintiffs' recitation of data published by the Election Assistance Commission requires no response as the data speaks for itself. Defendant denies all remaining allegations.

55.     Defendant admits only that applicants flagged for citizenship must provide proof of citizenship prior to receiving a regular ballot, but these applicants can vote a provisional ballot, and that ballot will be counted if proof of citizenship is submitted electronically, by mail, or in person within three days after Election Day.

56.     Defendant admits only that Defendant has instructed all election officials to continue to abide by this Court's November, 2018 Order.  Defendant denies all remaining allegations, including that the process expressly requested by the Plaintiffs and Ordered by this Court, intimidates voters and discourages their participation in future elections.

57.     Defendant denies these allegations.  Defendant is not imposing a twenty six month cancellation deadline and does not intend to impose such a requirement in the future.

58.     Defendant denies these allegations.

59.     Defendant denies these allegations.  *See* no. 57 above.  To the extent Plaintiff is interpreting a House Report, the allegations seek a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the House Report speaks for itself.

60.     Defendant denies these allegations.

61.     Defendant denies these allegations.

62.     Defendant denies these allegations.

63.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 63 of the Second Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

64.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 64 of the Second Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

65.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 65 of the Second Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

66.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 66 of the Second Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

67.     Defendant denies these allegations.

68.     Defendant denies these allegations.

69.     Defendant admits the allegation in the first sentence of paragraph 69. Defendant lacks knowledge or information sufficient to respond to the remaining allegations.

70.     Defendant lacks knowledge or information sufficient to respond to these allegations and therefore they are denied.

71.     The allegations in paragraph 71 of the Second Amended Complaint purport to quote and characterize certain court decisions and Defendant responds that the contents of these decisions speak for themselves.

72.     Defendant denies the first sentence in paragraph 72 of the Second Amended Complaint.  The remaining allegation in paragraph 72 characterizes the congressional record supporting the reauthorization of the Voting Rights Act and Defendant responds that the congressional record speaks for itself.

73.     The allegations in paragraph 73 purport to characterize the requirements of a 2005 state law and therefore seeks a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the former state law speaks for itself.

74.     Defendant denies that the Georgia Secretary of State's office has a history of hostility toward third-party voter registration activity.  Upon information

14

and belief, Defendant admits only that organizations that identify themselves as serving communities of color are responsible for a substantial portion of the third-party voter registration activity in Georgia.

75.     Defendant lacks knowledge or information sufficient to respond to these allegations and therefore they are denied.

76.     Defendant admits only that in 2016, legislation was introduced in the Georgia Senate to make English the state's official language and the measure was not enacted.  Defendant denies Plaintiffs' characterization of the effect of the proposed measure on federal law and further states that, in 2016, federal law did not require bi-lingual ballots in *any* Georgia election.  Defendant lacks knowledge or information sufficient to respond to the allegation in the last sentence of paragraph 76 and therefore these allegations are denied.

77.     Defendant denies these allegations.

78.     Defendant denies these allegations as stated.  The initial effort to comply with the verification requirements of HAVA began in October, 2007.  *See Morales v. Handel*, 2008 U.S. Dist. LEXIS 124182, *25, CA No. 1:08-CV-3172 (N.D. Ga. Oct. 27, 2008) (describing that "Georgia only began to comply with the voter verification provisions of HAVA in March of 2007, when the Secretary entered into an information-sharing agreement with the DDS.").  The allegation in

the second sentence of paragraph 78 characterizes a court opinion, and Defendant responds that the court opinion speaks for itself.

79.     Defendant admits only that in 2008 the U.S. Department of Justice interposed an Objection, under Sec. 5 of the Voting Rights Act, to a prior effort by Georgia to comply with the HAVA verification requirements.  The remaining allegations in paragraph 79 describe the letter from the Department of Justice, and Defendant responds that the letter speaks for itself.

80.     The allegations in this paragraph describe a letter from the Department of Justice, and Defendant responds that the letter speaks for itself.

81.     Defendant admits that the state's HAVA verification process was precleared by the U.S. Department of Justice in 2010.  Defendant denies all remaining allegations.

82.     Defendant admits only that in 2016 the Secretary of State entered into a settlement agreement with Plaintiffs regarding a prior HAVA verification process.  *See* Doc. 34-1.  The settlement agreement speaks for itself.  Defendant denies all remaining allegations.

83.     Defendant admits only that HB 268 (2017) provided a twenty six month deadline for registration applicants to cure HAVA verification issues while allowing those applicants to cure any issues at the polls and vote a regular ballot.

The HAVA verification process outlined in the settlement between the parties, Doc. 34-1, was otherwise unchanged.  HB 268 makes no mention of citizenship. Defendant denies all remaining allegations.

84.     Defendant admits only that HB 316 (2019) repealed certain portions of HB 268.  Defendant denies that its citizenship verification process is unlawful.

85.     Defendant denies that the citizenship verification process is discriminatory.  Defendant admits only that HB 316, like HB 268, makes no mention of the citizenship verification process.

86.     Defendant lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 86.  Defendant responds further that the remainder of paragraph 86 is a characterization of reported court cases and these cases speak for themselves.

87.     Defendant admits that currently all partisan statewide elected officials are white.  Defendant denies that African-American voters are underrepresented in the Georgia House of Representatives, Georgia Senate, and the U.S. House of Representatives.

88.     Defendant admits only that Georgia has a majority vote requirement for most, but not all, elections.  Defendant lacks sufficient knowledge and information to form an opinion as to the remaining allegations in paragraph 88.

17

89.     Defendant denies that the current citizenship verification process denies voter registration to any qualified voter applicant.  Defendant admits that with its citizen verification process non-citizen voting in Georgia is not common.

90.     Defendant denies these allegations.

91.     Defendant denies these allegations.

92.     No response is needed for paragraph 92 of the Second Amended Complaint.

93.     Defendant admits only that the quoted text accurately quotes Sec. 2 of the Voting Rights Act.  Plaintiffs' characterizations of the protections of Sec. 2 are legal conclusions, and Defendant responds that the statute speaks for itself.

94.     Defendant denies these allegations.

95.     Defendant denies these allegations.

96.     Defendant denies these allegations.

97.     Defendant denies these allegations.

98.     Defendant denies these allegations.

99.     Defendant denies these allegations.

100.   No response is needed for paragraph 100 of the Second Amended Complaint.

101.   The allegations in this paragraph are legal conclusions regarding certain constitutional protections for which no response is needed.  To the extent a response is needed, Defendant responds that the constitutional provisions speak for themselves.

102.   The allegations in this paragraph are legal conclusions regarding certain constitutional protections and Defendant responds that the constitutional provisions speak for themselves.

103.   Defendant denies these allegations.

104.   Defendant denies these allegations.

105.   Defendant denies these allegations.

106.   Defendant denies these allegations.

107.   No response is needed for paragraph 107 of the Second Amended Complaint.

108.   The allegations in paragraph 108 of the Second Amended Complaint are legal conclusions regarding certain constitutional protections and Defendant responds that the constitutional provisions and cases cited speak for themselves.

109.   Defendant denies that the citizenship verification process imposes severe burdens on the right to vote.  The remaining allegations in this paragraph

are legal conclusions and Defendant responds that the cited cases speak for themselves.

110.   Defendant denies these allegations.

111.   Defendant denies these allegations.

112.   Defendant denies these allegations.

113.   Defendant denies these allegations.

114.   Defendant denies these allegations.

115.   Defendant denies these allegations.

116.   No response is needed for paragraph 116 of the Second Amended Complaint.

117.   Defendant admits only that the quoted text accurately quotes certain language in the NVRA.  No further response is required and to the extent that further response is deemed required, Defendant responds that the statute speaks for itself.

118.   The allegations in paragraph 118 of the Second Amended Complaint are legal conclusions and Defendant responds that the NVRA speaks for itself.

119.   The allegations in paragraph 119 of the Second Amended Complaint are legal conclusions and Defendant responds that the NVRA and congressional record speak for themselves.

120.   Defendant denies these allegations.

121.   The allegations in paragraph 121 of the Second Amended Complaint are legal conclusions and Defendant responds that the text of the NVRA speaks for itself.

122.   Defendant denies these allegations.

123.   Defendant admits only the first two sentences in paragraph 123 of the Second Amended Complaint.  Defendant denies all remaining allegations.

124.   Defendant denies any and all other allegations in the Second Amended Complaint not referred to herein specifically, denies all prayers of the Second Amended Complaint, and denies that Plaintiffs are entitled to any relief in this case.

WHEREFORE, Defendant respectfully requests that the Court dismiss this action in its entirety.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                  112505

ANNETTE  M. COWART
Deputy Attorney General     191100

RUSSELL D. WILLARD        760280
Senior Assistant Attorney General

*/s/ Cristina M. Correia*
CRISTINA M. CORREIA        188620
Senior Assistant Attorney General

Attorneys for Secretary of State
Brad Raffensperger

Please address all
Communication to:
CRISTINA CORREIA
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-657-3980

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2020, I electronically filed

DEFENDANT'S ANSWER with the Clerk of Court using the CM/ECF system

which will automatically send e-mail notification of such filing to counsel of

record.

This 4th day of February, 2020.

/s/ Cristina M. Correia
Cristina M. Correia            188620
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-657-3980