# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization; ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA, INC., as an organization; GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; NEW GEORGIA PROJECT, INC., as an organization; GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS, INC., as an organization; PROGEORGIA STATE TABLE, INC., as an organization; THE JOSEPH AND EVELYN LOWERY INSTITUTE FOR JUSTICE AND HUMAN RIGHTS, INC., as an organization; and COMMON CAUSE, as an organization; | Civil Action No.: 1:18-cv-04727-ELR |
| Plaintiffs, | |
| v. | |
| BRAD A. RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, | |
| Defendant. | |

## NOTICE OF ISSUANCE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, Plaintiffs will issue to Fulton County Board of Registration and

Elections and Hall County Board of Registration and Elections, respectively, the

enclosed subpoenas for documents and testimony.

Dated: July 1, 2020

By:      /s/ Bryan L. Sells
Bryan L. Sells
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
bryan@bryansellslaw.com

Jon Greenbaum (*pro hac vice*)
Ezra D. Rosenberg (*pro hac vice*)
Julie Houk (*pro hac vice*)
John Powers (*pro hac vice*)
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
jpowers@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005
Telephone:   (202) 662-8600
Facsimile:    (202) 783-0857

Vilia B. Hayes (*pro hac vice*)
Gregory C. Farrell (*pro hac vice*)
vilia.hayes@hugheshubbard.com
gregory.farrell@hugheshubbard.com
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:   (212) 837-6000
Facsimile:    (212) 422-4726

Danielle Lang, Esq. (*pro hac vice*)
Mark Gaber (*pro hac vice*)

J. Gerald Hebert (*pro hac vice)
dlang@campaignlegalcenter.org
MGaber@campaignlegalcenter.org
GHebert@campaignlegalcenter.org
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, DC 20005
Telephone:   (202) 736-2200
Facsimile:    (202) 736-2222

Phi Nguyen
Georgia Bar No. 578019
Asian Americans Advancing Justice – Atlanta
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
pnguyen@advancingjustice-atlanta.org
Telephone: (770) 818-6147

*Counsel for Plaintiffs*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| Georgia Coalition for the Peoples' Agenda, Inc., et al | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-cv-04727-ELR |
| Brad Raffensperger, in his official capacity as Secretary of State for the State of Georgia | ) ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Fulton County Board of Registration and Elections
141 Prior Street NW, Atlanta, GA 30303

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A

| Place:   Georgia Coalition for the People's Agenda, Inc.<br>        501 Pullman Street #410<br>        Atlanta, GA 30312 | Date and Time:<br><br>    To be agreed between the parties |
|---|---|

       The deposition will be recorded by this method:    Stenography and/or videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See attached Exhibit B

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/02/2020

|       *CLERK OF COURT* | OR | /s/ Bryan L. Sells |
|---|---|---|
|    *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Georgia Coalition for the Peoples' Agenda, Inc., et al.            , who issues or requests this subpoena, are:
Bryan L. Sells, The Law Office of Bryan Sells, LLC, P.O. Box 5493, Atlanta, Georgia 31107, (404) 480-4212, bryan@bryansellslaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:18-cv-04727-ELR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# 30(b)(6) Topics

## DEFINITIONS AND INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 30(b)(6), the Fulton County Board of

Registration and Elections is required to designate one or more officers, directors,

or managing agents, or designate other persons who consent to testify on its behalf;

and it may set out the matters on which each person designated will testify.  The

persons designated must testify about information known or reasonably available

to the Fulton County Board of Registration and Elections concerning the

Deposition Topics set forth below.

2.      In the below Deposition Topics, references to the singular shall include the

plural and references to the plural shall include the singular; the conjunctive shall

include the disjunctive and the disjunctive shall include the conjunctive; and the

past tense shall include the present tense and *vice versa*.

3.      The terms defined below and the individual Deposition Topics should be

construed broadly to the fullest extent of their meaning.

4.      Each of the Deposition Topics should be construed independently and no

other Topic shall be referred to or relied on for the purpose of limiting the scope of

any Topic.

5.      The term "communication" means the transmittal of information in the form

of facts, ideas, inquiries or otherwise.

6.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.     "You" or "your" means the Fulton County Board of Registration and Elections and any of its members, employees, agents, representatives, or attorneys.

8.     "DDS" means the Georgia Department of Driver Services.

9.      The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

## DEPOSITION TOPICS FOR 30(B)(6) DEPOSITION

1.     Your interpretation or understanding of the procedures established by the Georgia Secretary of State's office for verifying the citizenship of voter registration applicants.

2.     Your procedures for verifying the citizenship of voter registration applicants.

3.     Your procedures for processing voter registration applications that include a photocopy of the applicant's naturalization certificate.

4.     Your role in providing feedback to state legislators, the Georgia Secretary of State's office, and other individuals regarding the procedures used to verify the citizenship of voter registration applicants in Georgia.

5.     The training and guidance you provide to your employees, registrars, election officials, poll managers and poll workers concerning how to verify the citizenship of voter registration applicants.

6.  The training and guidance provided to you by the Georgia Secretary of State concerning how to verify the citizenship of voter registration applicants.

7.  Any evidence that Georgia's citizenship verification procedures has identified non-citizens attempting to register to vote in Georgia.

8.  The content of notices provided to voter registration applicants whose applications were placed in pending status due to Georgia's citizenship verification procedures since 2016.

9.  Your procedures for processing voters who are in pending status due to the citizenship verification match and who appear at polling places or early voting locations.

10. Your procedures for processing voters who are in pending status due to the citizenship verification match and submit absentee ballot applications.

11. The status of provisional ballots cast by voters who were in pending status due to the citizenship verification match in elections since January 1, 2018.

12. The steps taken by your office to implement the Order issued by the Court in this case on November 2, 2018, a copy of which is attached and incorporated herein by reference as Exhibit 1.

13. The total number of voters in your county who were United States citizens at the time they submitted applications to register to vote, but whose active voter

registration status was delayed until they produced documentary proof of citizenship since October 1, 2014.

14.    Communications you have received from voters who received letters indicating that they need to submit proof of citizenship because their voter registration information allegedly did not match information maintained by DDS.

# EXHIBIT B

# Documents to Produce

## <u>INSTRUCTIONS FOR DOCUMENT REQUESTS</u>

1.      You are requested to make due and diligent search of your books, records, and papers, with a view to eliciting all information available in this action.

2.      If you object to any request, please identify the basis for the objection and identify each document that is being withheld on the basis of that objection. Please also state if, notwithstanding the objection, all responsive documents are being produced.

3.      The requests set forth below are deemed to be continuing, so as to require the supplementation of your original production of documents in response to such requests promptly after any additional documents are located.

4.      If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

5.      If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

6.     To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, you shall produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

## DEFINITIONS

1.     The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     The term "documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

3.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.     "You" and "your" means the Fulton County Board of Registration and Elections and any of its members, employees, agents, representatives, or attorneys.

5.     The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

## DOCUMENTS TO BE PRODUCED

1.     All documents and communications concerning your procedures for verifying the citizenship of voter registration applicants since January 1, 2017,

including training materials and other written materials that provided guidance or instructions to county officials or poll workers.

2.      All documents and communications related to your procedures for processing voter registration applications from voters flagged as potential noncitizens, including the process for entering non-citizen and citizenship verification-related information into Georgia's voter registration database, since January 1, 2017.

3.      All documents and communications related to your procedures for processing voter registration applications that include a photocopy of the applicant's naturalization certificate since January 1, 2017.

4.      All letters, emails, text messages, Facebook or other social media posts, and other communications in your possession relating to verifying the citizenship of voter registration applicants, including complaints, concerns or objections from voters or other persons, including any response from you, since January 1, 2017.

5.      Notice letters and other communications with individuals whose voter registration applications were placed in pending status due to Georgia's citizenship verification procedures since January 1, 2017.

6.      All documents concerning any person who is not a citizen of the United States registering to vote, attempting to register to vote, or voting in your county.

7.     All documents and communications relating to your efforts, since January 1, 2018, to individually check the voter registration applications and supporting documentation provided by applicants flagged as potential non-citizens for a copy of their naturalization certificate.

8.     All documents and communications relating to your efforts to permit voter registration applicants who are inaccurately flagged as non-citizens to vote a regular ballot by furnishing proof of citizenship to poll managers, properly verify proof of citizenship, and otherwise implement the Order issued by the Court in this case on November 2, 2018.

9.     Copies of all absentee ballot applications completed for elections held since January 1, 2018, by individuals who were in pending status at the time of the election because they had been flagged as a non-citizen.

10.     Copies of provisional ballot envelopes completed during elections held since January 1, 2018, by individuals who were in pending status at the time of the election because they had been flagged as a non-citizen.

11.     Documents sufficient to reflect how many of the voters who submitted absentee ballot applications and provisional ballots in elections held since January 1, 2018 because they had been flagged as non-citizens, subsequently presented proof of citizenship and had their vote counted in that election.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of Georgia

| | | |
|---|---|---|
| Georgia Coalition for the Peoples' Agenda, Inc., et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-04727-ELR |
| Brad Raffensperger, in his official capacity as Secretary of State for the State of Georgia | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Hall County Board of Elections and Registration
                 2875 Browns Bridge Rd, Gainesville GA 30504
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Exhibit A

| Place: Georgia Coalition for the Peoples' Agenda, Inc.<br>501 Pullman Street #410<br>Atlanta, GA 30312 | Date and Time:  To be agreed between the parties |
|---|---|

                 The deposition will be recorded by this method:   Stenography and/or videography

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit B

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    7/2/2020

                 *CLERK OF COURT*
                                                                                 OR

_____            /s/ Bryan L. Sells
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Georgia Coalition for the Peoples' Agenda, Inc., et al.                         , who issues or requests this subpoena, are:
Bryan L. Sells, The Law Office of Bryan Sells, LLC, P.O. Box 5493, Atlanta, Georgia 31107, (404) 480-4212, bryan@bryansellslaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:18-cv-04727-ELR

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# 30(b)(6) Topics

## DEFINITIONS AND INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 30(b)(6), the Hall County Board of Elections and Registration is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  The persons designated must testify about information known or reasonably available to the Hall County Board of Elections and Registration concerning the Deposition Topics set forth below.

2.      In the below Deposition Topics, references to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the past tense shall include the present tense and *vice versa*.

3.      The terms defined below and the individual Deposition Topics should be construed broadly to the fullest extent of their meaning.

4.      Each of the Deposition Topics should be construed independently and no other Topic shall be referred to or relied on for the purpose of limiting the scope of any Topic.

5.      The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

6.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      "You" or "your" means the Hall County Board of Elections and Registration and any of its members, employees, agents, representatives, or attorneys.

8.      "DDS" means the Georgia Department of Driver Services.

9.       The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

## DEPOSITION TOPICS FOR 30(B)(6) DEPOSITION

1.      Your interpretation or understanding of the procedures established by the Georgia Secretary of State's office for verifying the citizenship of voter registration applicants.

2.      Your procedures for verifying the citizenship of voter registration applicants.

3.      Your procedures for processing voter registration applications that include a photocopy of the applicant's naturalization certificate.

4.      Your role in providing feedback to state legislators, the Georgia Secretary of State's office, and other individuals regarding the procedures used to verify the citizenship of voter registration applicants in Georgia.

5.      The training and guidance you provide to your employees, registrars, election officials, poll managers and poll workers concerning how to verify the citizenship of voter registration applicants.

6.      The training and guidance provided to you by the Georgia Secretary of State concerning how to verify the citizenship of voter registration applicants.

7.      Any evidence that Georgia's citizenship verification procedures has identified non-citizens attempting to register to vote in Georgia.

8.      The content of notices provided to voter registration applicants whose applications were placed in pending status due to Georgia's citizenship verification procedures since 2016.

9.      Your procedures for processing voters who are in pending status due to the citizenship verification match and who appear at polling places or early voting locations.

10.     Your procedures for processing voters who are in pending status due to the citizenship verification match and submit absentee ballot applications.

11.     The status of provisional ballots cast by voters who were in pending status due to the citizenship verification match in elections since January 1, 2018.

12.     The steps taken by your office to implement the Order issued by the Court in this case on November 2, 2018, a copy of which is attached and incorporated herein by reference as Exhibit 1.

13.     The total number of voters in your county who were United States citizens at the time they submitted applications to register to vote, but whose active voter

registration status was delayed until they produced documentary proof of citizenship since October 1, 2014.

14.    Communications you have received from voters who received letters indicating that they need to submit proof of citizenship because their voter registration information allegedly did not match information maintained by DDS.

# EXHIBIT B

# Documents to Produce

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1.      You are requested to make due and diligent search of your books, records, and papers, with a view to eliciting all information available in this action.

2.      If you object to any request, please identify the basis for the objection and identify each document that is being withheld on the basis of that objection. Please also state if, notwithstanding the objection, all responsive documents are being produced.

3.      The requests set forth below are deemed to be continuing, so as to require the supplementation of your original production of documents in response to such requests promptly after any additional documents are located.

4.      If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

5.      If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

6.      To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, you shall produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

## **DEFINITIONS**

1.      The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      The term "documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

3.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      "You" and "your" means the Hall County Board of Elections and Registration and any of its members, employees, agents, representatives, or attorneys.

5.      The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

## **DOCUMENTS TO BE PRODUCED**

1.      All documents and communications concerning your procedures for verifying the citizenship of voter registration applicants since January 1, 2017,

including training materials and other written materials that provided guidance or instructions to county officials or poll workers.

2.     All documents and communications related to your procedures for processing voter registration applications from voters flagged as potential noncitizens, including the process for entering non-citizen and citizenship verification-related information into Georgia's voter registration database, since January 1, 2017.

3.     All documents and communications related to your procedures for processing voter registration applications that include a photocopy of the applicant's naturalization certificate since January 1, 2017.

4.     All letters, emails, text messages, Facebook or other social media posts, and other communications in your possession relating to verifying the citizenship of voter registration applicants, including complaints, concerns or objections from voters or other persons, including any response from you, since January 1, 2017.

5.     Notice letters and other communications with individuals whose voter registration applications were placed in pending status due to Georgia's citizenship verification procedures since January 1, 2017.

6.     All documents concerning any person who is not a citizen of the United States registering to vote, attempting to register to vote, or voting in your county.

7.　　All documents and communications relating to your efforts, since January 1, 2018, to individually check the voter registration applications and supporting documentation provided by applicants flagged as potential non-citizens for a copy of their naturalization certificate.

8.　　All documents and communications relating to your efforts to permit voter registration applicants who are inaccurately flagged as non-citizens to vote a regular ballot by furnishing proof of citizenship to poll managers, properly verify proof of citizenship, and otherwise implement the Order issued by the Court in this case on November 2, 2018.

9.　　Copies of all absentee ballot applications completed for elections held since January 1, 2018, by individuals who were in pending status at the time of the election because they had been flagged as a non-citizen.

10.　　Copies of provisional ballot envelopes completed during elections held since January 1, 2018, by individuals who were in pending status at the time of the election because they had been flagged as a non-citizen.

11.　　Documents sufficient to reflect how many of the voters who submitted absentee ballot applications and provisional ballots in elections held since January 1, 2018 because they had been flagged as non-citizens, subsequently presented proof of citizenship and had their vote counted in that election.