## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., *et al.*, | |
| *Plaintiffs*, | CIVIL ACTION |
| v. | FILE NO. 1:18-CV-04727-ER |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia | |
| *Defendant*. | |

Defendant Secretary of State BRAD RAFFENSPERGER files this Answer and Defenses to the allegations of Plaintiffs' Third Amended Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Third Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

## THIRD DEFENSE

Plaintiffs' claims are moot.

## FOURTH DEFENSE

Plaintiffs' claims should be dismissed for lack of standing.

## RESPONSES

Answering the specific allegations of the Third Amended Complaint, Defendant responds as follows:

1. Defendant admits only that Plaintiffs have brought claims pursuant to the First and Fourteenth Amendment, the Voting Rights Act, and the National Voter Registration Act. All remaining allegations are denied.

2. Defendant denies these allegations, including the allegations of footnote 1 as stated. More specifically, Defendant denies that its citizenship verification process is unlawful or that it denies active voter registration status to qualified voters. Defendant further denies that its process targets predominantly naturalized citizens for proof of citizenship. All applicants for a Georgia driver's license, whether naturalized citizens, natural born citizens, or non-citizens, must provide DDS with evidence of their U.S. citizenship or proof of lawful status. Unlike voter registration applicants that have provided DDS with their documented proof of citizenship, voter registration

applicants that are flagged as non-citizens by DDS have previously provided evidence to DDS that they were not U.S. citizens.

3.      Defendant denies this allegation as stated. Defendant lacks knowledge or information sufficient to respond to the allegation that tens of thousands individuals become naturalized citizens in Georgia each year. Defendant denies that its process is fatally flawed.  Georgia has implemented an automated voter registration system through DDS.  Therefore, when a newly naturalized citizen updates their driver's license, a new voter registration application – without a citizenship flag – is generated and the voter is added to the active voter list, even if the applicant had previously applied and been placed on the pending list for proof of citizenship.

4.      Defendant denies these allegations as stated.  Registration applicants in pending status may vote a regular ballot by providing proof of citizenship prior to or on the day of election, and may vote a provisional ballot on Election Day and return within three days after the election with their proof of citizenship.  All other registrants that have a Georgia driver's license provided their proof of citizenship to DDS at the time their license was issued.

5.      Defendant denies these allegations.  Defendant admits only that persons identified by DDS as having provided evidence of non-citizenship to

DDS are flagged and must present proof of citizenship to remove the flag and move from the pending list to the active voter list.  These voter registration applicants are permitted to cast a ballot even while in pending status.  *See* no. 4 above.  A documentary proof of citizenship is imposed on all other registrants with a Georgia driver's license, including natural-born citizens, through the driver's license application process.

6.     Defendant denies these allegations as stated.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

7.     Defendant denies the allegations as stated.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

8.     Defendant denies these allegations.  Defendant further denies that the citizenship verification process used today is the same as that described in 2008.

9.     Defendant denies these allegations.

10.     Defendant denies these allegations.

11.     Defendant denies these allegations.

12.     Defendant admits only that the numbers reported by Plaintiffs as pending due to prior evidence of non-citizenship are correct.  All remaining

4

allegations are denied, including Plaintiffs' suggestion of the proper comparator.

13.     Defendant denies these allegations as stated.  Defendant denies that its process is onerous.  Defendant admits that with its citizenship verification process non-citizen voting in Georgia is not common.

14.     Defendant denies these allegations.

15.     Defendant denies these allegations as stated.  Defendant admits only that the verification process relies solely on DDS data, but denies Plaintiffs' characterization of said data.

16.     Defendant denies these allegations.

17.     Defendant denies these allegations.

18.     Defendant admits these allegations.

19.     Defendant admits these allegations.

20.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 20.

21.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 21.

22.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 22.

23.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 23.

24.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 24.

25.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 25.

26.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 26.

27.     Defendant admits that Plaintiff is a nonprofit organization. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 27.

28.     Defendant admits that Plaintiff Cruz is a registered voter in Gwinnett County, has successfully voted in Gwinnett County elections prior

to 2020, and was able to vote in the June, 9 2020 election. Defendant lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 28.

29.     Defendant admits that Brad Raffensperger is Georgia's Secretary of State.  The remaining allegations characterizing Defendant's statutory duties are conclusions of law to which no response is required and Defendant responds that the statutes speak for themselves.

30.     The allegation in paragraph 30 is a legal conclusion to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

31.     The allegation in paragraph 31 is a legal conclusion to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

32.     Defendant admits these allegations.

33.     Defendant denies the allegation as stated, but admits that its documentary proof of citizenship requirement is enforced exclusively through its verification process with DDS.

34.     The allegation in paragraph 34 is a legal conclusion to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

7

35.     The allegation in paragraph 35 is a legal conclusion to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

36.     The allegations in paragraph 36 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

37.     The allegations in paragraph 37 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

38.     The allegations in paragraph 38 purport to characterize the requirements and meaning of a federal statute, and the meaning of a statute is a conclusion of law as to which no response is required.  To the extent that a response is required, Defendant responds that the statute speaks for itself.

39.     The allegations in paragraph 39 purport to characterize the requirements and meaning of two federal statutes, and the meaning of a statute is a conclusion of law as to which no response is required.  To the extent that a response is required, Defendant responds that the statutes speak for themselves.

8

40.     Defendant admits only that HB 316 was enacted in April, 2019. Defendant denies all remaining allegations.

41.     Defendant denies these allegations as stated.  Defendant admits only that voter-registration applicants that have submitted evidence of non-citizenship to DDS are required to provide proof of citizenship prior to obtaining active voter registration status.  Defendant denies all remaining allegations.

42.     Defendant denies these allegations.

43.     Defendant denies these allegations as stated.  Defendant admits only that at some periods in the past, DDS issued drivers licenses to permanent residents that lasted five years, but during other periods licenses for permanent residents were limited to one year.  Defendant lacks knowledge or information sufficient to respond to Plaintiffs' allegations regarding statistics from the Department of Homeland Security.  Defendant denies all remaining allegations.

44.     Defendant denies these allegations.

45.     Defendant admits only that the numbers reported by Plaintiffs as pending due to prior evidence of non-citizenship are correct.  Defendant denies all remaining allegations, including Plaintiffs' suggestion of the proper comparator.

46.     Defendant denies the allegation as stated.  Defendant admits only that voter-registration applicants that have submitted evidence of non-citizenship to DDS are required to provide proof of citizenship prior to obtaining active voter registration status.

47.     Defendant denies these allegations.

48.     Defendant denies that its citizenship verification process is discriminatory.  Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs.

49.     Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs. To the extent Plaintiffs' allegations seek to interpret a district court case, the allegation seeks a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the case speaks for itself.

50.     Defendant lacks knowledge or information sufficient to respond to Plaintiffs' characterization of other states' programs. To the extent Plaintiffs' allegations seek to interpret a district court case, the allegation seeks a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the case speaks for itself.

51.     Defendant denies the allegations as stated.  More specifically, Defendant denies that its processes are flawed.

52.     Defendant denies these allegations as stated.  More specifically, Defendant denies that requiring proof of citizenship is "harsh and discriminatory."  Defendant further denies that letters requesting voter-registration applicants to provide proof of citizenship are intimidating.

53.     Defendant denies these allegations.  Where copies of naturalization forms are included with voter-registration applications, the citizenship verification process with DDS will not override the election official's entry of the citizenship question.

54.     Defendant denies these allegations.

55.     Defendant denies that registration applicants only receive one notification that they must provide documentary proof of citizenship. Applicants receive a letter when they are first flagged through the verification process with DDS.  Applicants also receive notice via the Secretary of State's website and through election officials.  Many applicants have been sent multiple letters.  Defendant admits that only Gwinnett County is covered by Section 203 of the Voting Rights Act.  Plaintiffs' recitation of data published by the Election Assistance Commission requires no response as the data speaks for itself.  Defendant denies all remaining allegations.

56.     Defendant admits only that applicants flagged for citizenship must provide proof of citizenship prior to receiving a regular ballot, but these applicants can vote a provisional ballot, and that ballot will be counted if proof of citizenship is submitted electronically, by mail, or in person within three days after Election Day.  Defendant denies all remaining allegations.

57.     Defendant admits only that Defendant has notified all election officials of this Court's November, 2018 Order.  Defendant denies all remaining allegations, including that the process expressly requested by the Plaintiffs and Ordered by this Court, intimidates voters, and discourages their participation in future elections.

58.     Defendant denies these allegations.  Defendant is not imposing a twenty-six month cancellation deadline and does not intend to impose such a requirement in the future.

59.     Defendant denies these allegations.

60.     Defendant denies these allegations.  *See* no. 58 above.  To the extent Plaintiff is interpreting a House Report, the allegations seek a legal conclusion to which no response is needed.  To the extent a response is needed, Defendant states that the House Report speaks for itself.

61.     Defendant denies these allegations.

62.     Defendant denies these allegations.

12

63.     Defendant denies these allegations.

64.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 64 of the Third Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

65.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 65 of the Third Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

66.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 66 of the Third Amended Complaint purport to report data from the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

67.     Defendant lacks knowledge or information sufficient to respond to these allegations.  Defendant responds further that the allegations in paragraph 67 of the Third Amended Complaint purport to report data from

the 2017 American Community Survey (ACS) and the ACS report speaks for itself.

68.     Defendant denies these allegations.

69.     Defendant denies these allegations.

70.     Defendant admits the allegation in the first sentence of paragraph 70.  Defendant lacks knowledge or information sufficient to respond to the remaining allegations.

71.     Defendant lacks knowledge or information sufficient to respond to these allegations and therefore they are denied.

72.     The allegations in paragraph 72 of the Third Amended Complaint purport to quote and characterize certain court decisions and Defendant responds that the contents of these decisions speak for themselves.

73.     Defendant denies the first sentence in paragraph 73 of the Third Amended Complaint.  The remaining allegation in paragraph 73 characterizes the congressional record supporting the reauthorization of the Voting Rights Act and Defendant responds that the congressional record speaks for itself.

74.     The allegations in paragraph 74 purport to characterize the requirements of a 2005 state law and therefore seeks a legal conclusion to

14

which no response is needed.  To the extent a response is needed, Defendant states that the former state law speaks for itself.

75.    Defendant denies that the Georgia Secretary of State's office has a history of hostility toward third-party voter registration activity.  Upon information and belief, Defendant admits only that organizations that identify themselves as serving communities of color are responsible for a substantial portion of the third-party voter registration activity in Georgia.

76.    Defendant lacks knowledge or information sufficient to respond to these allegations and therefore they are denied.

77.    Defendant admits only that in 2016, legislation was introduced in the Georgia Senate to make English the state's official language and the measure was not enacted.  Defendant denies Plaintiffs' characterization of the effect of the proposed measure on federal law and further states that, at that point in 2016, federal law did not require bilingual ballots in *any* Georgia election.  Defendant lacks knowledge or information sufficient to respond to the allegation in the last sentence of paragraph 76 and therefore these allegations are denied.

78.    Defendant denies these allegations.

79.    Defendant denies these allegations as stated.  The initial effort to comply with the verification requirements of HAVA began in October,

2007.  *See Morales v. Handel*, 2008 U.S. Dist. LEXIS 124182, \*25, CA No. 1:08-CV-3172 (N.D. Ga. Oct. 27, 2008) (describing that "Georgia only began to comply with the voter verification provisions of HAVA in March of 2007, when the Secretary entered into an information-sharing agreement with the DDS.").  The allegation in the second sentence of paragraph 79 characterizes a court opinion, and Defendant responds that the court opinion speaks for itself.

80.     Defendant admits only that in 2009 the U.S. Department of Justice interposed an Objection, under Sec. 5 of the Voting Rights Act, to a prior effort by Georgia to comply with the HAVA verification requirements. The remaining allegations in paragraph 80 describe the letter from the Department of Justice, and Defendant responds that the letter speaks for itself.

81.     The allegations in this paragraph describe a letter from the Department of Justice, and Defendant responds that the letter speaks for itself. The allegations of paragraph 81 that characterize the letter do not require a response.

82.     Defendant admits that the state's HAVA verification process was precleared by the U.S. Department of Justice in 2010.  Defendant denies all remaining allegations.

16

83.     Defendant admits only that in 2016 the Secretary of State entered into a settlement agreement with Plaintiffs regarding a prior HAVA verification process.  *See* Doc. 34-1.  The settlement agreement speaks for itself.  Defendant denies all remaining allegations.

84.     Defendant admits only that HB 268 (2017) provided a twenty-six month deadline for registration applicants to cure HAVA verification issues while allowing those applicants to cure any issues at the polls and vote a regular ballot.  The HAVA verification process outlined in the settlement between the parties, Doc. 34-1, was otherwise unchanged.  HB 268 makes no mention of citizenship.  Defendant denies all remaining allegations.

85.     Defendant admits only that HB 316 (2019) repealed certain portions of HB 268.  Defendant denies that its citizenship verification process is unlawful and denies the remaining allegations.

86.     Defendant denies that the citizenship verification process is discriminatory.  Defendant admits only that HB 316, like HB 268, makes no mention of the citizenship verification process.  Defendant denies the remaining allegations.

87.     Defendant lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 87.  Defendant responds

further that the remainder of paragraph 87 is a characterization of reported court cases and these cases speak for themselves.

88.     Defendant denies that currently all current statewide elected officials are White.  Defendant denies that African-American voters are underrepresented in the Georgia House of Representatives, Georgia Senate, and the U.S. House of Representatives.  Defendant denies the remaining allegations.

89.     Defendant admits only that Georgia has a majority-vote requirement for most, but not all, elections.  Defendant lacks sufficient knowledge and information to form an opinion as to the remaining allegations in paragraph 89.

90.     Defendant denies that the current citizenship verification process denies voter registration to any qualified voter applicant.  Defendant admits that with its citizen verification process non-citizen voting in Georgia is not common.  Defendant denies the remaining allegations.

91.     Defendant denies these allegations.

92.     Defendant denies these allegations.

93.     No response is needed for paragraph 93 of the Third Amended Complaint.

94.     Defendant admits only that the quoted text accurately quotes Sec. 2 of the Voting Rights Act.  Plaintiffs' characterizations of the protections of Sec. 2 are legal conclusions and Defendant responds that the statute speaks for itself.

95.     Defendant denies these allegations.

96.     Defendant denies these allegations.

97.     Defendant denies these allegations.

98.     Defendant denies these allegations.

99.     Defendant denies these allegations.

100.    Defendant denies these allegations.

101.    No response is needed for paragraph 101 of the Third Amended Complaint.

102.    The allegations in this paragraph are legal conclusions regarding certain constitutional provisions for which no response is needed.  To the extent a response is needed, Defendant responds that the constitutional provisions speak for themselves.

103.    The allegations in this paragraph are legal conclusions regarding certain constitutional provisions and Defendant responds that the constitutional provisions speak for themselves.

104.    Defendant denies these allegations.

19

105.   Defendant denies these allegations.

106.   Defendant denies these allegations.

107.   Defendant denies these allegations.

108.   No response is needed for paragraph 108 of the Third Amended Complaint.

109.   The allegations in paragraph 109 of the Third Amended Complaint are legal conclusions regarding certain constitutional protections and Defendant responds that the constitutional provisions and cases cited speak for themselves.

110.   Defendant denies that the citizenship verification process imposes severe burdens on the right to vote and denies that the citizenship verification process is discriminatory.  The remaining allegations in this paragraph are legal conclusions and Defendant responds that the cited cases speak for themselves and denies any remaining allegations.

111.   Defendant denies these allegations.

112.   Defendant denies these allegations.

113.   Defendant denies these allegations.

114.   Defendant denies these allegations.

115.   Defendant denies these allegations.

116.   Defendant denies these allegations.

117.   No response is needed for paragraph 117 of the Third Amended Complaint.

118.   Defendant admits only that the quoted text accurately quotes certain language in the NVRA.  No further response is required and to the extent that further response is deemed required, Defendant responds that the statute speaks for itself.

119.   The allegations in paragraph 119 of the Third Amended Complaint are legal conclusions and Defendant responds that the NVRA speaks for itself.

120.   The allegations in paragraph 120 of the Third Amended Complaint are legal conclusions and Defendant responds that the NVRA and congressional record speak for themselves.

121.   Defendant denies these allegations.

122.   The allegations in paragraph 122 of the Third Amended Complaint are legal conclusions and Defendant responds that the text of the NVRA speaks for itself.

123.   Defendant denies these allegations.

124.   Defendant admits only the first two sentences in paragraph 124 of the Third Amended Complaint.  Defendant denies all remaining allegations.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies any and all other allegations in the Third Amended Complaint not referred to herein, denies all prayers for relief of the Third Amended Complaint, and denies that Plaintiffs are entitled to any relief in this case.

WHEREFORE, Defendant respectfully requests that the Court dismiss this action in its entirety.

Respectfully submitted this 7th day of August, 2020.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272

bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendant Secretary of
State Brad Raffensperger*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson