IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., *et. al.*<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>*Defendant*. | Civil Action No.<br>1:18-cv-04727-ELR |

**NOTICE OF JOINT STATUS REPORT**

Pursuant to the Court's Order of March 28, 2023 [Doc. 176, p. 2], counsel for the parties jointly submit this Notice of Joint Status Report.

**1. Plaintiffs' Position**

During a recent meet and confer discussion between counsel for the parties in advance of preparing this Joint Status Report, Defendant's counsel confirmed that Defendant Georgia Secretary of State Brad Raffensperger has still not finally implemented the use of SAVE to verify citizenship status of Georgia's voter

1

registration applicants who are identified as potential non-citizens when matched against the Department of Drivers Services records.

Defendant's counsel further confirmed that Defendant's second "audit" of SAVE for voter registration citizenship verification has not yet been completed and that the Defendant has not created any new protocols concerning the implementation of SAVE for citizenship verification, including any protocols requiring any notifications to the United States citizens whose citizenship status was confirmed by SAVE about the reasons for the change in their voter registration status. Defendant's counsel indicated that there are approximately 3,800 registrations subject to the second SAVE audit and that, since the second SAVE audit began in February, the Defendant has only run 500 of those through the SAVE database. Defendant's counsel did not indicate how many of those 500 have been confirmed as United States citizens.

Defendant's counsel was also unable to provide Plaintiffs' counsel with any estimated dates when the second "audit" of the SAVE process would be completed or when the final implementation of the use of SAVE would occur.

As a result of the first audit of SAVE, the former house counsel for the Secretary of State, Ryan Germany, testified that approximately 64% of the voter registration applicants in pending for citizenship verification were confirmed to be

United States citizens. Some of those applicants, who were United States citizens in pending for citizenship status and unable to vote for years, were finally moved into active voter status.

After these applicants were verified as United States citizens in the first SAVE audit, Mr. Germany testified they were moved into active voter registration status and precinct cards were mailed to them. Beyond the precinct cards, these applicants received no other information about why their voter registration status had been changed despite having previously been informed they were not being registered to vote because their citizenship status was in question.

Since the first "audit" of SAVE for voter registration citizenship verification, Georgians are continuing to register to vote, including naturalized citizens who are most likely to be incorrectly identified as potential non-citizens when they attempt to register to vote. When they are flagged as potential non-citizens, they remain in pending for citizenship status and cannot vote unless and until their citizenship status is verified.

In the meantime, Plaintiffs are continuing to expend time and resources assisting new Americans registering to vote following naturalization ceremonies, including by copying their naturalization certificates to enclose with their voter registration forms in an effort to avoid them being flagged as potential non-citizens

3

when their data is matched against outdated DDS citizenship data, by providing voter education about the issue and/or by counseling applicants about curing the citizenship issue when they are contacted by applicants who are in pending for citizenship status.

The Plaintiffs' diversion of resources toward these efforts will necessarily increase substantially with the upcoming presidential preference primaries in March 2024 and the 2024 statewide primaries and general election.  Until SAVE is finally implemented for use in verifying the citizenship status of voters incorrectly flagged as potential non-citizens, eligible applicants remain at risk that they will be inaccurately flagged as non-citizens and be denied the ability to vote because of outdated DDS citizenship data.

Since it appears that the final implementation of SAVE may go a long way in helping naturalized United States citizens and other applicants from being denied the right to vote for prolonged periods of time, Plaintiffs respectfully request that the Court Order Defendant to:

> 1) file monthly detailed reports about the status and results of the second SAVE "audit" (including the number of registrants that have been run through SAVE, the number remaining yet to be run through SAVE, and the number confirmed to be United States citizens) and other steps taken toward

the final implementation of the use of SAVE to verify the citizenship status of voter registration applicants flagged as potential non-citizens; and

2) produce monthly voter registration lists which include the names, addresses, year of birth, date of registration, race, and gender of applicants in pending status for citizenship verification, including voters in pending for citizenship status who have been moved into active, cancelled and rejected status.

If the monthly reports fail to show more rapid progress toward a registration system that does not erroneously and improperly deny the right to vote to naturalized citizens, the plaintiffs may seek to reopen the case and seek further relief in advance of the 2024 elections.

2. **Defendants' Position**

When an individual provides documentary proof to the state of Georgia that they are *not* a citizen when they obtain a Georgia driver's license and then later registers to vote without any proof that they changed that non-citizen status, Georgia officials request information about their citizenship status. That is the issue in this case—Georgia's verification processes. And contrary to Plaintiffs' statement that individuals in pending status cannot vote, the evidence indicates that everyone in pending status is free to vote with proper identification.

Once Georgia was able to obtain access to the SAVE system, the Secretary's office began a system of SAVE audits consistent with Georgia law. The SAVE audit process is manual—that is, it requires manual data entry by a Secretary staff person and then possibly multiple steps at the Department of Homeland Security. The second audit is underway, but involves multiple steps, including obtaining additional information on approximately 3,000 of the individuals on the list from other state agencies. While Plaintiffs correctly note that roughly one-third of individuals were *not* confirmed as citizens from the first audit of a list that had been accumulating for years, they do not explain that far less than half of individuals during the second SAVE audit process are being identified as citizens.

Regardless of whether Georgia uses a SAVE audit process, Georgia's citizenship verification process does not place a severe burden on the right to vote. While Plaintiffs apparently wish to jump directly to their proposed relief, they must first demonstrate that the process as it currently exists places a severe burden on the right to vote. Defendants submit that they will be unable to do so based on admissible evidence at trial.

Defendants oppose any sort of the interim reports proposed by Plaintiffs. There is no basis to require additional detailed discovery as part of status reports in a closed case. If Plaintiffs wish to pursue this case on the merits, they should do so.

But this Court should not require ongoing discovery responses from Defendants in a case that is administratively closed, especially given Plaintiffs' apparent threat to seek injunctive relief apart from trial if the information in those reports is not to their liking.

Defendants propose that this Court keep this case in its current status for an additional sixty (60) days and order the parties to file another joint status report at that point for determination of next steps. But this Court should not require rolling discovery of Defendants without at least holding a status conference to discuss the case's status with the parties.

/s/ Bryan L. Sells
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law

Alice Huling*
Aseem Mulji*
Danielle Lang*
Jonathan Diaz*
AMulji@campaignlegalcenter.org
AHuling@campaignlegalcenter.org
DLang@campaignlegalcenter.org
JDiaz@campaignlegalcenter.org
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, DC  20005
Telephone:  (202) 736-2200
Facsimile:   (202) 736-2222

Meredyth L. Yoon
Georgia Bar No. 294555

| | |
|---|---|
| 1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 662-8600<br>Facsimile:   (202) 783-0857<br><br>Vilia Hayes*<br>Gregory Farrell*<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>Telephone:  (212) 837-6000<br>Facsimile:   (212) 422-4726 | Asian Americans Advancing Justice – Atlanta<br>5680 Oakbrook Parkway, Suite 148<br>Norcross, Georgia 30093<br>myoon@advancingjustice-atlanta.org<br>Telephone: (404) 585-8466<br><br>*Admitted pro hac vice*<br><br>*Counsel for Plaintiffs* |

**STATE LAW DEPARTMENT**

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 762715
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272

bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678) 336-7249

*Counsel for Defendant Secretary of State Brad Raffensperger*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Time New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan L. Sells*
Bryan L. Sells
Plaintiffs' Counsel
