# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

GEORGIA COALITION FOR THE
PEOPLE'S AGENDA, INC., as an
organization, *et al.*,

        Plaintiffs,

v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State for
the State of Georgia

        Defendant.

Case No.  1:18-CV-04727-ELR

Request for Pretrial Conference

## JOINT PRETRIAL ORDER

1.

Other than pretrial motions which may be filed pursuant to the Civil Case Instructions of The Honorable Eleanor L. Ross, there are no pending motions in this case.

The parties may file motions for judicial notice.

2.

All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

There are no issues regarding the names of the parties and joinder.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

**By Plaintiffs:** There is no question regarding this Court's jurisdiction. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1357 because the matters in controversy arise under the Constitution and laws of the United States, as well as under 42 U.S.C. §§ 1983 and 1988.

**By Defendant:** Defendant asserts that this Court lacks jurisdiction because Plaintiffs' claims are moot and/or they lack standing to bring these claims. This Court would otherwise have jurisdiction pursuant to 28 U.S.C. § 1331.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs:** Bryan L. Sells, Julie M. Houk, Gregory Farrell

**Defendants:** Bryan P. Tyson, Bryan F. Jacoutot

6.

This case will not be tried before a jury. Plaintiffs request the opportunity to present opening, closing, and rebuttal arguments to the Court.

7.

The captioned case shall be tried to the Court without a jury.

8.

The case will be tried to the Court and the parties do not request a bifurcated trial.

9.

Because this case will be tried to the Court, the parties have not attached a list of questions for the Court to propound to the jury concerning their legal qualifications to serve.

10.

Because this case will be tried to the Court, the parties have not attached a list of questions for the Court to propound to jurors on *voir dire* examination.

11.

Because this case will be tried to the Court, the parties have no *voir dire* questions or corresponding objections.

12.

Because this case will be tried to the Court, the parties are not requesting any strikes.

13.

There is no pending related litigation.

14.

Attached hereto as Attachment "A" are the Plaintiffs' outlines of their cases, including succinct factual summaries of Plaintiffs' causes of action, and a separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating the legal duties relied on by Plaintiffs.

15.

Attached hereto as Attachment "B" is Defendant's outline of his case, including succinct factual summaries of Defendant's general, special, and affirmative defenses and a listing of all rules, regulations, statutes, ordinances, and illustrative case law relied on by Defendant.

16.

Attached hereto as Attachment "C" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. The parties will continue to negotiate stipulated facts in order to streamline trial proceedings.

17.

The legal issues to be tried are as follows:

**By Plaintiffs:**

A. Whether Defendant Raffensperger's DDS database matching protocol and its application constitutes a qualification or prerequisite to voting within the meaning of Section 2 of the Voting Rights Act (52 U.S.C. § 10301) and results in the denial or abridgement of the right to vote of Georgia citizens on account of their race or color in violation of Section 2.

B. Whether Defendant Raffensperger's DDS database matching protocol and its application discriminates against voter registration applicants on the basis of national origin and naturalized citizenship in violation of the Fourteenth Amendment to the United States Constitution.

C. Whether Defendant Raffensperger's DDS database matching protocol and its application infringes on the fundamental right to vote in violation of the First and Fourteenth Amendments to the United States Constitution.

D. Whether Defendant Raffensperger's DDS database matching protocol and its application violates Section 8 of the National Voter Registration Act, 52 U.S.C. § 20507.

**By Defendant:**

A. Whether Georgia's citizenship verification process results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color because the political processes leading to nomination or election in Georgia are not equally open to participation by other minority voters, in that minority voters have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

B. Whether Georgia's citizenship verification process violates the U.S. Constitution.

C. Whether Georgia's citizenship verification process violates the National Voter Registration Act (NVRA), 52 U.S.C. §20507(a)(1).

D. Whether Plaintiffs have standing to bring their claims in this case.

18.

Attached hereto as Attachment "D-1" for the Plaintiffs and Attachment "D-2" for Defendants is a list of all the witnesses for each party.

Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.

All of the parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given fourteen (14) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.

Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment E-1 for the Plaintiffs and Attachment E-2 for Defendants is a list of exhibits for each party and corresponding objections of the opposing party.

The attached exhibit lists include all documentary and physical evidence that will be tendered at trial.

Each party's exhibits are numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space has been left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list will be submitted for use by the judge.

Prior to trial, the parties shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits.

Specific objections to each party's exhibits have been typed on a separate page and are attached to the exhibit list of the party against whom the objections are raised. Objections as to privilege, competency, and, to the extent possible, relevancy of the exhibits are included. The parties will address any issues related to authenticity at trial at the time the numbered exhibit is offered.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of this Pretrial Order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel will familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

Designated portions of the testimony of the persons listed below may be introduced by deposition. Objections not filed by the date on which the case is first scheduled for trial shall be deemed waived or abandoned. The parties are negotiating and will submit objections to designations no later than two weeks before the pretrial conference.

**For Plaintiffs:** The designated portions of the testimony of the following persons, attached as Attachment F-1, may be introduced by deposition: Christopher Harvey, Angelique McClendon, Ryan Germany, Twyla Hart, LaTasha Howard, and Kelvin Williams.

**For Defendant:** The designated portions of the testimony of the following person, attached as Attachment F-2, may be introduced by deposition: Angelique McClendon.

21.

Given the extensive briefing and the Court's familiarity with these cases, the parties have elected to forego filing opening trial briefs at this time, unless requested by the Court. The parties reserve the right to file trial briefs during the course of the trial should issues arise therein.

22.

Because this case will not be tried to a jury, the parties do not intend to submit requests to charge.

23.

Because this case will not be tried to a jury, the parties are not proposing a special verdict form.

24.

The parties do not request time for argument in excess of thirty (30) minutes per side for opening statements or closing arguments.

25.

Because this case is designated for trial to the Court without a jury, counsel shall submit proposed findings of fact and conclusions of law at a time to be determined after the conclusion of the trial.

26.

Pursuant to LR 16.3, NDGa lead counsel and persons possessing settlement authority to bind the parties met by video conference on November 16, 2023 to discuss in good faith the possibility of settlement of this case. The court has not discussed settlement of this case with counsel. It appears at this time that there is no possibility of settlement.

27.

The parties do not request a special setting of the case.

28.

The Plaintiffs estimate that it will require 3 days to present their evidence. Defendant estimates that it will require 2 days to present his evidence. It is estimated that the total trial time is 5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the

pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this_____ day of ___ , 20___ .

30.

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/ Julie M. Houk*_____
*Counsel for Plaintiffs*

*/s/ Bryan P. Tyson*_____
*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), NDGa, the undersigned herby certifies that the foregoing document has been prepared in Times New Roman 14, a font and type selection approved by the Court in LR 5.1(B), NDGa.

*/s/ Julie M. Houk*
Julie M. Houk
